UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>         v.<br><br>DIONTE TYRELL WEBB,<br><br>                Defendant. | Nos. CR-01-0150-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR RE-SENTENCING |

**THIS MATTER** came before the Court on Defendant's motion for "re-sentencing for retroactive application of amendment sentences previously imposed for certain crack cocaine sentences." (Ct. Rec. 44). Assistant United States Attorney Timothy J. Ohms represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

Defendant pled guilty to Distribution of Cocaine Base (Count 16 of the Second Superseding Indictment) and, on June 17, 2002, was sentenced to a term of 151 months imprisonment pursuant to the Rule 11(e)(1)(C) plea agreement.

Defendant's sentence was adjusted because he was a career criminal. U.S.S.G. § 4B1.1. The appropriate offense level for a Career Offender, when the statutory maximum sentence for the offense is 20 years, is level 32. *Id*. Defendant received a Career Offender enhancement which gave him an offense level of 32 and a Criminal

ORDER DENYING DEFENDANT'S MOTION . . . - 1

History Category of VI.  A three level reduction for acceptance of responsibility resulted in a Total Adjusted Offense Level of 29. Defendant's guideline range, based on an adjusted offense level of 29 and a criminal history category of VI, was 151 to 188 months. Defendant was sentenced at the bottom end of the range, 151 months incarceration.

**DISCUSSION**

The Sentencing Guidelines for crack cocaine offenses have been amended.  *Guidelines Manual* (2007), Appendix C, Amendment 706.  The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (Cocaine Base) listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other substances.  This amendment became effective on November 1, 2007.  As of March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007 are authorized pursuant to 18 U.S.C. § 3582(c)(2).  *U.S. v. Ross*, 511 F.3d 1233, 1237 n. 2 (9th Cir. 2008).

Defendant's motion for re-sentencing requests a 2-level decrease of his offense level and a sentence reflecting the reduction in light of the retroactive amendment.  (Ct. Rec. 44 at 2).  Accordingly, Defendant contends his Total Adjusted Offense Level should be reduced two levels based on Amendment 706 to the guidelines.

Defendant, however, received a Career Offender enhancement pursuant to U.S.S.G. § 4B1.1 which gave him an offense level of 32 and a Criminal History Category of VI.  Because Defendant was sentenced as

ORDER DENYING DEFENDANT'S MOTION . . . - 2

a Career Offender, his guideline range is unaffected by Amendment 706. In other words, the enhanced offense level of 32 for being a Career Offender is not subject to the two level departure authorized by Amendment 706.  The enhancement to a level 32 is not based on the quantity of drugs involved, but rather on Defendant being at least 18 years old at the time he committed the offense of conviction (Distribution of Cocaine Base), the instant offense was a felony that was a controlled substance offense, Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and the statutory maximum for the offense of conviction was "20 years or more."  *See*, U.S.S.G. §4B1.1(a) and (b); *see, also, U.S. v. Riviera*, 535 F.Supp.2d 527, 529-539 (E.D. Pa. 2008).

For the reasons set forth above, Amendment 706 does not have the effect of lowering Defendant's applicable guideline range.  Hence, a reduction of Defendant's sentence is not authorized under § 3582(c)(2).  Accordingly, Defendant's Motion For Re-Sentencing (**Ct. Rec. 44**) is **DENIED**.

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to Defendant and to Assistant U.S. Attorney Timothy J. Ohms.

**DATED** this ___7th___ day of October, 2008.

>                    S/Fred Van Sickle
>                      Fred Van Sickle
>            Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION . . . - 3