UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIONTE TYRELL WEBB,<br><br>　　　　　Defendant. | No. CR-01-0150-FVS<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION FOR RE-SENTENCING |

**THIS MATTER** came before the Court on Defendant's second request for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2). (Ct. Rec. 49). Assistant United States Attorney Timothy J. Ohms represents the United States, and Defendant is proceeding pro se.

Defendant pleaded guilty to Distribution of Cocaine Base (Count 16 of the Second Superseding Indictment) and, on June 17, 2002, was sentenced to a term of 151 months imprisonment consistent with stipulations provided in the plea agreement. (Ct. Rec. 34). The United States and Defendant agreed and stipulated that Defendant was a career offender pursuant to U.S.S.G. § 4B1.1 and, because Defendant was a career offender, his base offense level would be 32 pursuant to U.S.S.G. § 4B1.1. (Ct. Rec. 34 ¶ 3). The appropriate offense level for a career offender, when the statutory maximum sentence for the

ORDER . . . - 1

offense is 20 years, is level 32.  U.S.S.G. § 4B1.1.  The parties stipulated that the guideline range would be 151 to 188 months and jointly recommended that Defendant be sentenced to a term of imprisonment of 151 months.  (Ct. Rec. 34 ¶ 3).

The Court deemed Defendant a career offender, which gave him an offense level of 32 and a Criminal History Category of VI.  A three level reduction for acceptance of responsibility resulted in a Total Adjusted Offense Level of 29.  Defendant's guideline range was 151 to 188 months, and Defendant was sentenced at the bottom end of the range, 151 months incarceration.

On February 22, 2008, Defendant filed a motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive change to the Federal Sentencing Guidelines with respect to crack cocaine offenses.  (Ct. Rec. 44).  On October 7, 2008, the Court denied Defendant's motion for re-sentencing finding that because Defendant was sentenced as a career offender, his guideline range is unaffected by Amendment 706.  (Ct. Rec. 48).  Defendant's instant motion asks the Court to revisit the issue and reduce his sentence pursuant to a "change in law" with respect to his circumstances as a result of *Kimbrough v. United States*, 552 U.S. 85 (2007), *United States v. Knox*, 573 F.3d 441 (7th Cir. 2009), and *United States v. McGee*, 553 F.3d 225 (2nd Cir. 2009).  (Ct. Rec. 49).

*Kimbrough* and *Knox* each involve a direct review of a criminal sentence that was not yet final, not a reduction pursuant to 18 U.S.C. § 3582(c)(2) after a sentence had become final as is the case with Defendant.  Accordingly, those cases do not authorize the Court to

reduce Defendant's sentence.  Moreover, *Knox* addressed a sentencing argument based on the crack/powder disparity affecting career offenders specifically convicted of drug conspiracy offenses under 21 U.S.C. § 846.  The Court held that "[s]ince no congressional statute requires that a career offender convicted of a conspiracy offense under 21 U.S.C. § 846 be sentenced 'at or near' the statutory maximum, sentencing courts have the discretion under *Kimbrough* to consider the crack/powder disparity affecting such an offender's sentence.  It follows that Davis and Anthony, who both pleaded guilty to conspiracy under § 846 but not to the substantive drug offense under § 841, are entitled to a remand for resentencing in light of *Kimbrough*." *Knox*, 573 F.3d at 450.  In this case, Defendant has been convicted of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), not conspiracy.  *Knox* does not apply.

In *McGee*, the Second Circuit concluded that a defendant who was designated a career offender at sentencing, but was granted a departure so that his ultimate sentence was explicitly based on the crack cocaine guidelines, is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  *McGee*, 553 F.3d at 227-228.  The *McGee* court held that it was **not** addressing the question of whether a defendant who is sentenced as a career offender, but does not receive a downward departure, qualifies for a reduced sentence under the amendments.  *Id*. at 227.  The *McGee* court specifically stated that the consensus is that such a defendant would not be entitled to a reduced sentence. *Id*.  Here, Defendant was sentenced as a career offender and did not receive a downward departure.  Thus, *McGee* also does not apply.

ORDER . . . - 3

The case law provided by Defendant does not demonstrate a change in the law which affects Defendant.  As previously determined by this Court, because Defendant was sentenced as a career offender and that career offender guideline range is not lowered by Amendment 706, Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  *See* U.S.S.G. § 1B1.10, note 1(A), (eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by amendment that lowers applicable guideline range).  Since a reduction of Defendant's sentence is not authorized under § 3582(c)(2), Defendant's second motion for re-sentencing (**Ct. Rec. 49**) is **DENIED.**

**IT IS SO ORDERED**.  The District Court Executive shall forward copies of this order to Defendant and to Assistant U.S. Attorney Timothy J. Ohms.

**DATED** this ___8th___ day of February, 2010.

                                S/Fred Van Sickle
                                Fred Van Sickle
                       Senior United States District Judge

ORDER . . . - 4